IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COURTNEY M. HUBBARD,**   Plaintiff,   v.   **A. GONZALEZ, D. BROOKHART, and J. GARRETT,**   Defendants. | **Case No. 23-cv-2131-MAB** |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Courtney M. Hubbard, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Western Illinois Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. In the Complaint, Hubbard alleges Defendant A. Gonzalez acted with deliberate indifference in failing to prevent Hubbard's suicide attempt in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint pursuant to 28 USC § 1915A in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and this Court.

1

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Hubbard makes the following allegations: During all times relevant to the allegations in the Complaint, Hubbard was on crisis watch at Lawrence Correctional Center. On June 20, 2021, during the second shift, between approximately 4:00 p.m. and 8:00 p.m., Hubbard requested his asthma inhaler from crisis watch correctional officer A. Gonzalez (Doc. 1, p. 5). Gonzalez provided Hubbard with his inhaler but later asked for it to be returned (*Id.*). Hubbard refused to return the inhaler, indicating he would only return the inhaler once he was able to speak with the lieutenant on duty (*Id.*). Gonzalez allegedly cursed at Hubbard and stated "kill yourself then." (*Id.*). Gonzalez then slammed Hubbard's chuckhole and walked away. Gonzalez did not notify any other official on crisis watch of Hubbard's possession of the inhaler (*Id.*). Hubbard alleges that Gonzalez's actions were against security and safety rules for an inmate on crisis/suicide watch (*Id.* at p. 6).

Later that same day, Hubbard began hearing voices and smashed the asthma inhaler, sharpening the pieces in order to slit his wrist. Hubbard then stopped a lieutenant during a walk through, showed the lieutenant the inhaler, and then slit his right wrist (*Id.* at p. 6). Hubbard was removed from his cell several hours later after confronted with a tactical squad (*Id.*).

Hubbard later filed a grievance regarding the event. Defendant Garrett denied the grievance, noting that he was unable to substantiate Hubbard's claims regarding the event (*Id.* at p. 7). Brookhart concurred with the grievance officer's decision (*Id.*).

### Preliminary Dismissals

Hubbard alleges that Brookhart and Garrett are named in his Complaint because they denied his grievance regarding the June 20, 2021 event (Doc. 1, p. 7). Hubbard takes issue with the response to the grievance, which indicated that officials were unable to substantiate Hubbard's claim that Gonzalez violated IDOC policies (*Id.*). But the mishandling or denial of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Thus, Brookhart and Garrett are **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment claim against A. Gonzalez for failing to protect and acting with deliberate indifference to Hubbard's risk of suicide.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Hubbard states a viable claim against Gonzalez. To be liable under the Eighth Amendment, "a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act." *Sanville v. McCaughtry*, 266 F.3d 724, 737 (7th Cir. 2001) (internal quotation marks omitted); *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006) ("Where the harm at issue is a suicide or attempted suicide, the … subjective component of an Eighth Amendment claim requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk."); *Estate of Novak ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). Here, Hubbard alleges that Gonzalez was aware that Hubbard was on crisis/suicide watch when he handed Hubbard the inhaler. But when Hubbard refused to return the inhaler, Gonzalez merely stated "f** you, kill yourself then" and walked away. Hubbard alleges that Gonzalez failed to warn any official on duty that Hubbard still had possession of the inhaler, nor did he make any attempt to retrieve the inhaler from Hubbard. This is enough to state a claim at this stage.

## Pending Motions

As to Hubbard's motion for counsel (Doc. 4), he merely states that he has some high school education but fails to indicate why he specifically needs counsel in this case.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Further, Hubbard has not met his threshold requirement of demonstrating that he made a reasonable attempt to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (The two-fold inquiry asks (1) has the indigent plaintiff made a reasonable effort to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.). Hubbard fails to indicate if he has contacted any attorneys on his own. Thus, Hubbard's request for counsel is **DENIED**. Should Hubbard choose to move for recruitment of counsel in the future, the Court **DIRECTS** him to (1) contact at least three attorneys regarding representation in this case prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Hubbard should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in this case.

## Disposition

For the reasons stated above, Count 1 shall proceed against A. Gonzalez. The claims against Brookhart and J. Garrett are **DISMISSED without prejudice.**

The Clerk of Court shall prepare for Defendant A. Gonzalez: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Hubbard. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Hubbard, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Hubbard, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Hubbard is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/3/2023**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**